### Application of CALDWELL BONDED WAREHOUSES, Inc.

Railroad & Public Utilities Commission.

May 23, 1952.

John M. Allison of Macfarlane, Ferguson, Allison & Kelly, Tampa, for applicant.

H. W. Scramlin, d/b/a Ace Transfer Co., protestant, in propria persona.

John A. Stocker of Southern Transfer & Storage Co., Inc., protestant.

## BY THE COMMISSION.

The commission by its duly designated examiner held a public hearing on this application in the Chamber of Commerce Building in Tampa on December 19, 1951. Subsequent to the hearing Southern Transfer & Storage Co., Inc. withdrew its objections to the application. A copy of the examiner's proposed order was mailed to all parties of record together with notice that exceptions to said order could be filed within 15 days from the date thereof. The time for filing exceptions has expired and no exceptions have been filed.

After due consideration, the application is denied in its entirety and is not granted even for operation between St. Petersburg on the one hand and points and places in Florida on the other hand as proposed by the examiner.

The applicant, Caldwell Bonded Warehouses, Inc. of St. Petersburg, is a new corporation with substantially the same stockholders as those of Caldwell Bonded Warehouses, Inc. of Tampa. The Tampa company holds certificate of public convenience and necessity no. 382 from this commission authorizing the transportation of household goods between all points and places within the state of Florida, over irregular routes, and the maintenance of offices and headquarters in Tampa, only, and the domiciling of equipment at that point only.

Applicant, now operating as a city drayage business, as a warehouse, as agent for Mayflower in interstate household goods shipments, and as agent for its parent company in intrastate household goods movements, produced only three witnesses in support of its application. Each of these three witnesses was an official of applicant corporation. Their testimony pertinent to public convenience and necessity consisted, collectively, of a mere declaration that St. Petersburg could be served more expeditiously from St. Petersburg than from Tampa and a mere declaration that applicant had received requests for service which it could not accept. No specific evidence was offered and applicant on cross examination even failed to indicate how many calls it had received during the preceding month and whether the majority of those calls were for shipments of less or more than 5,000 pounds.

Applicant made no attempt to meet the burden placed upon it by section 323.03(3), Florida Statutes 1951, the last paragraph of which follows:

> When application is made by an auto transportation company for a certificate to operate as a common carrier in a territory or on a line already served by a certificate holder, the commission shall grant same only when the existing certificate holder or holders serving such territory fail to provide service and facilities which may reasonably be required by the commission.

Applicant was not relieved of this burden by the withdrawal of Southern Transfer & Storage Co., Inc. as a protestant.

Protestant H. W. Scramlin, d/b/a Ace Transfer Co. of St. Petersburg, holder of household certificate no. 23, testified that he had equipment valued in excess of $50,000 and was financially able to buy more if needed. He often has half a dozen trucks sitting in a row, awaiting any calls. He can move whatever might be offered. The five certificated household goods carriers in St. Petersburg have more than $200,000 worth of equipment available for this service and have added equipment as the city and its environs have grown. Intrastate movements of household goods are greater in the summer than during the tourist season.

The mere fact that applicant's parent company has served St. Petersburg from Tampa for more than twenty years does not give rise to presumptions warranting the grant of a certificate, either to applicant or to its parent company. On the contrary the presumption arises that a second marketable house-

hold goods certificate should not issue to a captive corporation where its parent corporation already holds a certificate to domicile equipment within the same metropolitan area sought to be served by the captive-applicant. Tampa and St. Petersburg are the twin centers of one metropolitan area. Applicant's St. Petersburg manager lives in Tampa. Were this certificate granted, the stockholders of applicant corporations could sell their operating authority and still retain it.

It is therefore ordered that the application be and it is hereby denied.